# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFAYETTE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1119 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| ATTORNEY HERBERT TERRELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff, Lafayette Brown ("Brown" or "Plaintiff"), apparently has been receiving payments pursuant to the Pennsylvania Workers' Compensation Act since an injury he sustained in 1977. Plaintiff alleges the following facts with respect to Defendant Herbert Terrell:

> March of 2003 attorney Herbert Terrell directed me to advanced diagnostics, Gregory Nicosia Trauma specialist and Jean Nicosia Psychotherapist 7-7-03 in my Kitchen he insists that I pay him up front $500 which I did and I gave him all of my medical reports and then he abandoned me. The address he gave me is a vacant lot and he will not return Jean Nicosia calls or my.

(Doc. 2)(errors in original). Brown alleges that Terrell acted as "a continuation of the City of Pittsburgh" [Brown's employer] and that he committed "conspiracy, attempted murder, criminal offense, felony and fraud" and violated "the First and Fourteenth" Amendments. Brown seeks an award of damages in the amount of $175,000,000, and "financial security" because he contends that his medical bills will be "expensive."

Brown moved to proceed *in forma pauperis* (Doc. 1) and that motion was granted.

A.     **Applicable Law.**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir.2002)(affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir.2002)(affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable. As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at __, 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

B. **Analysis**

Based upon a review of the complaint, the undersigned cannot identify a possible basis for federal jurisdiction this case. Mr. Brown's complaint is that a privately-retained attorney failed to represent him in a civil matter after being paid to do so. While this may give rise to a possible state court action for malpractice, or a claim for breach of contract, it does not invoke this Court's jurisdiction.

The only federal claim arguably being made by Brown is one premised upon the Civil Rights Act, 42 U.S.C. §1983, since he is alleging that his constitutional rights were violated. Brown does not identify, nor can the Court discern, what constitutional right was allegedly denied in this case at the hands of Attorney Terrell. Brown's allegation that his privately-retained counsel failed to appear in a civil proceeding does not state a claim as there is no constitutional t guarantee that civil litigants be represented by counsel.

Further, even where there is a constitutional right to counsel, *i.e.*, in a criminal proceeding, a §1983 claim against an attorney would fail because counsel is not a state actor. Counsel, whether court appointed or privately retained, does not act under color of law when representing clients in a legal capacity. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir.1972) (privately-retained counsel not acting under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney not acting under color of state law). Thus, even if Brown is attempting to state a §1983 claim against Attorney Terrell, such a claim would necessarily fail for this additional reason

# III     CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C.§ 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 11, 2008.

August 25, 2008                             s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States Magistrate Judge

cc:
LAFAYETTE BROWN
2656 Leland Street
Pittsburgh, PA 15214